

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2007

# USA v. Elliott

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1417

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Elliott" (2007). *2007 Decisions*. Paper 1065.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1065

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-1417
_____

UNITED STATES OF AMERICA

v.

WILLIAM ELLIOTT,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00230)
District Judge: Honorable Legrome D. Davis

_____

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2007

Before:   RENDELL and JORDAN, *Circuit Judges.*
and VANASKIE*, *District Judge*

(Filed: May 25, 2007)
_____

OPINION OF THE COURT
_____


_____

    *Honorable Thomas I. Vanaskie, District Court Judge for the Middle District of
Pennsylvania, sitting by designation

JORDAN, *Circuit Judge*.

William Elliott appeals the judgment of the United States District Court for the Eastern District of Pennsylvania, convicting him after a jury trial of being a felon in possession of a firearm and a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(e). Elliott asserts that the District Court abused its discretion in allowing the government to present evidence regarding his involvement in a robbery and shooting that took place shortly before he was found in possession of the firearm and ammunition for which he was convicted. He asserts that the Court erred in admitting the evidence without evaluating whether it was admissible under Federal Rule of Evidence 404(b). For the following reasons, we will affirm the judgment of the District Court.

I.

Because we write solely for the parties, who are familiar with the facts of this case, we review here only those facts necessary for our analysis. At 1:55 a.m. on April 19, 2003, a Philadelphia police officer responded to a report of a shooting. The victim had been shot in the left leg by two unknown black males, and the officer transported him to Temple University Hospital. While helping the victim onto a gurney, the officer noticed a bullet casing protruding from the left pants leg of the victim. The officer removed the casing and saved it as evidence.

At 1:58 a.m., a second officer, acting on information she received which indicated that a blue Ford Taurus may have been the get-away car for the men involved in the

shooting, began to follow the Taurus. That officer, along with several other officers who came to provide back-up, stopped the Taurus, which had four individuals inside. Elliott was in the rear seat of the vehicle on the passenger's side. When the officers removed Elliott and the three other individuals from the car, one of the officers noticed that there was a .25 caliber firearm on the passenger floor behind the driver's seat. In frisking Elliott, the officers found ten .25 caliber rounds of ammunition in his right-front pants pocket. A ballistics expert matched the bullet casing found on the victim with the firearm in the back of the car. The ballistics expert also testified that the bullets found on Elliott were the kind of bullets that could have been fired by that firearm.

The individual in the front passenger seat of the vehicle, Ms. Hall, told the police that, shortly before the police pulled the car over, Elliott and the other back-seat passenger had gotten out of the car. She told the officer that she heard gunshots and that the two men then got back in the car and they drove away.

Elliott was charged with being a felon in possession of a firearm and a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(e), but was never charged in the shooting. After a jury trial, where the government presented evidence regarding the shooting, Elliott was convicted of both counts of the indictment. He was sentenced to 293 months of imprisonment. He now appeals his conviction, citing as error only the District Court's ruling allowing the government to present evidence of the shooting.

3

We review the District Court's decisions on the admissibility of evidence for abuse of discretion. *United States v. Serafini*, 233 F.3d 758, 768 n.14 (3d Cir. 2000). "To the extent that these rulings were based on an interpretation of the Federal Rules of Evidence, however, our review is plenary." *Id*.

At trial, after the District Court denied Elliott's motion in limine, the government presented evidence regarding the shooting through the testimony of the police officers. The government asserted, and the District Court found, that the evidence of the shooting was relevant, as it was probative of the possession element of the charged crimes. Elliott argues that the evidence of the shooting was not probative of the possession element and that admissibility of the evidence should therefore have been determined under Federal Rule of Evidence 404(b).

Federal Rule of Evidence 404(b) provides, in relevant part, that

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...

This rule, however, does not apply when evidence of another crime or wrong is intrinsic to the proof of the charged offense. *United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999.

Here, the evidence of the shooting, including the testimony of Hall and the

ballistics evidence, provides proof of possession of the gun by Elliott at a time just a few minutes prior to his arrest. When Elliott and the other passengers in the Taurus were stopped, the firearm was found on the floor of the rear seat of the car on the driver's side, not in front of Elliott. Because Elliott was seated in the rear of the car behind the passenger, the evidence regarding his involvement in the shooting that had taken place just minutes before linked him to the firearm. Hall's testimony that Elliott had gotten out of the car just before she heard gunshots, along with the ballistics expert's testimony that the bullet casing found on the victim had been fired by the firearm found in the Taurus provides probative evidence that Elliott had possessed the gun, or at least that he had shared joint possession with the person who got out of the car with him, just minutes prior to being stopped by the police. Because this evidence is probative of the possession element of the charged crimes, it is intrinsic to the proof of those crimes.

Accordingly, the District Court did not abuse its discretion when it ruled that evidence regarding the shooting was admissible and that Rule 404(b) does not apply in these circumstances.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.